I do not consider that the defendant is a privy under Jackson. He claims under a sale made by a constable. When the title was acquired by him under the execution there was no judgment against Jackson, and his purchase did not make the defendant a party to the suit depending against Jackson; he ought not therefore to be bound by its determination. It may be that the rights of creditors to *Page 4 
the negro in question are superior to that of the plaintiff, although the plaintiff's title be better than that of Jackson.
Suppose the plaintiffs had a bill of sale from Jackson, but upon a consideration, quite inadequate, they might recover against him; but a bonafide creditor of his may have an execution levied upon the property conveyed by the bill of sale, and thereby establish a right to it, which would be superior to that of the vendor or vendee, when at the same time, a subsequent vendee of Jackson had no better claim than Jackson himself.
Suppose, again, that after the plaintiffs had sued Jackson in detinue the present defendant had also brought an action of detinue (6) for the same property, and had recovered a judgment and taken possession under it of the property sued for, and then the plaintiff had obtained a judgment against Jackson for the same property; would it be thought for a moment that in a third suit by the plaintiffs against the defendant the plaintiffs' judgment against Jackson would be conclusive evidence against the defendant? It certainly would be considered as a proceeding to which the defendant was not a party, and by which, of course, he ought not to be bound.
In the present case the defendant does not claim under a judgment in an action of detinue, but he claims under a judgment rendered Jackson ininvitum, and an execution which issued upon it.
I think that the charge of the judge below was right, and that the rule for a new trial should be discharged.
PER CURIAM. No Error.
Cited: Paul v. Ward, 15 N.C. 249; Vines v. Brownrigg, 18 N.C. 240;Sanders v. Ferrill, 23 N.C. 103; Cates v. Whitfield, 53 N.C. 269; Dancyv. Duncan, 96 N.C. 116.